UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO ANTONIO PERNALETE URES,

Petitioner,

v.

WARDEN OF THE MESA VERDE DETETION FACILITY, et. al.,

Respondents.

No.  1:25-CV-02037-DAD-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee proceeding with counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is Petitioner's petition for writ of habeas corpus. See ECF No. 1. Respondents filed an answer. See ECF No. 12.

**I. BACKGROUND**

Petitioner asserts he has been detained by DHS custody since June 13, 2025. See ECF No. 1, pg. 5. According to Petitioner, he has a pending I-589 Asylum application, an I-765 work permit, and was issued a social security number. See id. Petitioner contends he was detained on June 13, 2025, when reporting to immigration for his yearly check-in. See id. Petitioner argues that his detention violated the Due Process Claus of the Fifth Amendment because his detention is prolonged and he was not provided an individualized hearing before a neutral decisionmaker. See

1

id. at 16-17.

In their answer, Respondents contend that Petitioner is a "citizen of Venezuela who arrived in the United States, on or about September 22, 2023." ECF No. 12, pg. 2. Respondents argue that Petitioner was

> not then admitted or paroled after inspection by an Immigration Officer. *Id.* Following his apprehension by Border Patrol officials, he was released on an order of recognizance into the United States pending a standard removal proceeding under 8 U.S.C. § 1229a. *Id.* On June 13, 2025, the petitioner was arrested and processed for expedited removal under 8 U.S.C. § 1225(b)(1) because he had entered the United States without inspection on September 22, 2023, and was apprehended the same day by Customs and Border Protection and was apprehended within two years of entering the United States and has not been physically present in the United States continuously for the for the two-year period immediately prior to the date of the determination of inadmissibility. *Id.* Petitioner's Notice to Appear that was lodged soon after petitioner entered the United States was not timely filed with the Immigration Court; as such, it was deemed failure to prosecute by an Immigration Judge. *Id.* Petitioner is being detained under 8 U.S.C. § 1225(b)(1) under expedited removal with credible fear finding. [footnote omitted] *Id.* Accordingly, it appears petitioner is pending further removal proceedings before an Immigration Judge.
>
> Id.

Respondents argue that Petitioner is an applicant for admission, subject to removal, and "[a]lthough subject to expedited removal, he was placed into removal proceedings under 8 U.S.C. § 1229a after establishing a credible fear of persecution or torture." Id. at 4. Respondents concede that "this Court has previously applied § 1226(a) rather than § 1225(b) in similar circumstances." Id. (citing Selis-Tinoco v. Noem, No. 25-01762, 2025 WL 3567862, at *4 (E.D. Cal. Dec. 14, 2025); Labrador-Prato v. Noem, No. 25-01598, 2025 WL 3458802, at *4 (E.D. Cal. Dec. 2, 2025)). Respondents do not distinguish Petitioner's situation from those cited cases, but argue the Court should "not follow *Selis-Tinoco* or *Labrador-Prato*" because (1) Petitioner is detained pursuant to § 1225(b)(1); (2) just because Petitioner has been living in the United States does not mean they are no longer subject to § 1225(b); and (3) "the distinction between §§ 1225 and 1226 is not the location where a noncitizen is found or the duration of their presence in the United States." Id. at 4-5.

/ / /

/ / /

2

Respondents next contend that Petitioner's substantive due process claim fails because detention is constitutionally permissible during removal. Id. at 6 (citing Demore v. Kim, 538 U.S. 510, 531 (2003)). Respondents concede that "noncitizen 'could be' entitled to an individualized determination as to flight risk and dangerousness 'if the continued detention became unreasonable or unjustified,'" but argue "there is no evidence suggesting that Petitioner's detention pending the completion of removal proceedings is 'indefinite' and 'potentially permanent.'" Id. (quoting Demore, 538 U.S. at 532).

Next, Respondents assert that a procedural due process claim fails because "noncitizens who are not admitted into the United States have 'only those rights regarding admission that Congress has provided by statute,' and 'the Due Process Clause provides nothing more.'" Id. at 7 (quoting Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 140 (2020)). Respondents argue that even if the Court were to conduct a Matthews v. Eldridge 424 U.S. 319, 334–35 (1976) balancing test, Petitioner would not be entitled to a bond hearing because Petitioner's interest in being free from detention, which is permissible for removal proceedings, is distinguishable from being free from prolonged detention, a hearing would not necessarily "decrease the risk of him being erroneously deprived of his liberty" because Petitioner is subject to mandatory detention, and the government "strong interest in preventing aliens from 'remain[ing] in the United States in violation of our law.'" Id. at 8 (quoting Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022) (internal citations omitted). Finally, Respondents contend that if any relief is afforded, Petitioner is only entitled to a hearing, not immediate release. See id.

## II. DISCUSSION

Respondents do not distinguish the decisions in Selis-Tinoco v. Noem, No. 25-01762, 2025 WL 3567862, at *4 (E.D. Cal. Dec. 14, 2025); Labrador-Prato v. Noem, No. 25-01598, 2025 WL 3458802, at *4 (E.D. Cal. Dec. 2, 2025) from the situation here for Petitioner Ures. Respondents ask the Court to diverge from those orders for reasons previously rejected in those orders. See Selis-Tinoco v. Noem, No. 25-01762, pg. 8-9; Labrador-Prato v. Noem, No. 25-

01598, pg. 7. Upon Respondents' failure to distinguish Petitioner Ures from Selis-Tinoco v. Noem and Labrador-Prato v. Noem, the undersigned will recommend granting the petition as to Petitioner's due process claim and order Petitioner's immediate release.

Further, the Court finds that Respondents do not challenge Petitioner's claim that Petitioner has a work permit, social security number, and a pending asylum application. See ECF No. 12. Indeed, the information provided by Respondents sheds little light on Petitioner's situation as the narrative is vague, in part because Respondents preface key statements with the qualifier of "does not appear" or "appears." Additionally, the background information within the Answer cites to additional material, with "*Id.*" following the sentences. But there is no indication what the "*Id.*" citation is referring to because nothing is cited prior to the first use of "*Id.*" and no documents were attached to the answer. For example, Respondents conclude their background section with: "it appears petitioner is pending further removal proceedings before an Immigration Judge," id. at 2, following a paragraph of information citing to "*Id.*." Without knowing what Respondents are relying on to support this assertion, the Court cannot determine whether Petitioner is in fact pending further removal proceedings.

Thus, the Court finds that prior to arrest, Petitioner was released into the United States premised upon either an explicit or implicit finding that Petitioner was not dangerous or a flight risk. While on release, Petitioner did not commit any crimes, materially complied with conditions of release and Petitioner is not subject to an order of removal. Petitioner was also issued a work visa and social security number. Considering all of these factors, and consistent with the Court's decisions in Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020 (E.D. Cal. Jan. 15, 2026), Tinoco v. Noem, No. 1:25-cv-01762-DC-JDP (HC), 2025 LX 542980 (E.D. Cal. Dec. 13, 2025), and Labrador-Prato v. Noem, No. 1:25-cv-01598-DC-SCR (HC), 2025 LX 502252 (E.D. Cal. Dec. 1, 2025), the undersigned finds that Petitioner's arrest and detention violate due process and will therefore recommend granting the petition and ordering Petitioner's immediate release.

/ / /

/ / /

4

## III. CONCLUSION

Based on the foregoing, the undersigned recommends:

1. It is RECOMMENDED that Petitioner's petition for writ of habeas corpus, ECF No. 1, be GRANTED as Petitioner's detention violates due process;

2. It is RECOMMENDED that Petitioner Roberto Antonio Pernalete Ures be RELEASED IMMEDIATELY from Respondents' custody. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

3.      It is RECOMMENDED that Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven (7) day notice and a hearing before a neutral fact-finder where Respondents show: (a) there are material changed circumstances which demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 9, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6