UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO ANTONIO PERNALETE URES,

Petitioner,

v.

WARDEN, MESA VERDE DETENTION FACILITY, et al.,

Respondents.

No. 1:25-cv-02037-DAD-DMC

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS IN PART

(Doc. Nos. 1, 13)

Petitioner Roberto Antonio Pernalete Ures, A-File No. 249-206-485, is a federal immigration detainee proceeding through counsel[1] with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 9, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted and that petitioner be immediately released.[2] (Doc. No. 13.) Specifically, the assigned magistrate judge

_____

[1] Petitioner initially filed his petition *pro se* and the court appointed counsel at petitioner's request on December 31, 2025. (Doc. Nos. 1, 5.)

[2] In his petition, petitioner requests the award of reasonable attorney's fees pursuant to 28 U.S.C. § 2412. (Doc. No. 1 at 17.) The magistrate judge did not address this request in the pending findings and recommendations. (Doc. No. 13.) Nonetheless, the court will deny the request without prejudice to petitioner bringing a properly noticed and supported motion.

1

found that, prior to his current detention, petitioner was previously released into the United States upon either an implicit or explicit finding that he posed neither a danger to the community nor a flight risk, that he materially complied with the conditions of his release, that he is not subject to a final removal order, and that his recent detention violates due process. (*Id.* at 4.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 6.)

On March 14, 2026, respondents filed their objections to the pending findings and recommendations. (Doc. No. 14.) Respondents' objections consist of a single sentence stating they object "and stand on their previous briefing." (*Id.* at 1.) These objections do not provide a basis upon which to reject the pending findings and recommendations.

In their answer to the petition, respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1). (Doc. No. 12 at 3.) Respondents state that petitioner entered the United States on September 22, 2023, and that he was released sometime thereafter on an order of recognizance. (*Id.* at 2.) Petitioner was re-detained on June 13, 2025. (Doc. Nos. 1 at 5; 12 at 2.) This court has previously found that, "the initial decision to release [a] petitioner under § 1226(a) precludes the government from later switch[ing] tracks to subject him to mandatory detention under § 1225(b)(2) because petitioner's release created a reliance interest . . . so long as [petitioner] abided by the terms of [his] release." *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK, 2025 WL 3485221, at *3 (E.D. Cal. Dec. 4, 2025) (internal quotation marks omitted). The court incorporates that reasoning here and finds that petitioner's prior release by immigration authorities created a reliance interest on his part precluding the government from switching tracks and re-detaining him pursuant to § 1225(b)(1). *See Ramirez Clavijo v. Kaiser*, No. 25-cv-06248-BLF, 2025 WL 2419263, at *4 (N.D. Cal. Aug. 21, 2025) ("Having elected to proceed with full removal proceedings under § 1226, Respondents cannot now reverse course and institute § 1225 expedited removal proceedings.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.

/////

For the reasons explained above:

1.  The findings and recommendations issued on March 9, 2026, (Doc. No. 13) are ADOPTED IN FULL;

2.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:

    a.  Respondents are ORDERED to immediately release petitioner Roberto Antonio Pernalete Ures, A-File No. 249-206-485, on the conditions he was subject to, if any, immediately prior to his re-detention on June 13, 2025;

    b.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner absent exigent circumstances without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the government will bear the burden to demonstrate petitioner is a danger to the community or flight risk by clear and convincing evidence;

    c.  Petitioner's request for attorney's fees is DENIED without prejudice to bringing a properly noticed and supported motion;

3.  The Clerk of the Court is directed to serve this order on the Mesa Verde Detention Center; and

4.  The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 7, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3